Nolan McCready, Bar No. 300684
nmccready@littler.com
Sara Zimmerman, Bar No. 300549
szimmerman@littler.com
LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, California 92612
Telephone: 949.705.3000
Facsimile: 949.724.1201

Attorneys for Defendant
ADYEN N.V.

Andrew S. Levine, Esq. (SBN 296872)
Alexander R. Vialy, Esq. (SBN 329166)
LEVINE LABOR LAW
3070 Bristol St, Suite 540
Costa Mesa, CA 92626
drew@levinelaborlaw.com
alex@levinelaborlaw.com
Tel: (949) 506-5909

Attorneys for Plaintiff Ava Gueits

LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, Illinois 60654
312.372.5520

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVA GUEITS, an individual, and on behalf of other aggrieved employees,<br><br>Plaintiff,<br><br>v.<br><br>ADYEN N.V., a foreign corporation; and DOES I to 50, inclusive,<br><br>Defendants. | Case No. 3:26-cv-08307-PHK<br><br>**JOINT STIPULATION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF INDIVIDUAL ARBITRATION**<br><br>Trial Date: TBD<br>San Francisco County Superior Court Complaint Filed: May 20, 2026 |

LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, Illinois 60654
312.372.5520

**STIPULATION**

Plaintiff Ava Gueits ("Plaintiff") and Defendant Adyen N.V. ("Defendant") (collectively, the "Parties") hereby stipulate and agree to stay all proceedings pending resolution of arbitration as follows:

WHEREAS, on February 21, 2025, the Parties entered into a mutual arbitration agreement covering any claims arising out of the employment relationship between the Parties ("Arbitration Agreement"), which is attached hereto as **Exhibit A**;

WHEREAS, the Arbitration Agreement requires any claim to be brought on an individual basis;

WHEREAS, on May 20, 2026, Plaintiff filed a Complaint in the Superior Court of San Francisco County alleging violations of the California Fair Employment and Housing Act ("FEHA"), individual wage and hour claims, and both individual and representative claims under the Private Attorneys General Act of 2004 ("PAGA");

WHEREAS, on August 10, 2026, Defendant timely removed the instant matter to the United States District Court for the Northern District of California;

WHEREAS the Arbitration Agreement covers all causes of action alleged in Plaintiff's Complaint against Defendant;

WHEREAS, the Parties agree to submit Plaintiff's individual causes of action, including her alleged individual PAGA claim, to binding and final arbitration;

WHEREAS, the Parties agree that the remaining PAGA representative claim is stayed pending arbitration of Plaintiff's individual causes of action;

NOW THEREFORE, the Parties hereby stipulate and agree as follows:

**1.** Plaintiff's individual claims, including the individual component of Plaintiff's PAGA claim, shall be submitted to binding and final arbitration pursuant to the Arbitration Agreement.

**2.** Plaintiff's non-individual PAGA claim asserted on behalf of other allegedly aggrieved employees shall remain before this Court and shall be stayed pending final resolution of the arbitration.

**3.** All proceedings in this action shall be stayed pending final resolution of the arbitration, subject to further order of the Court.

Dated: September 10, 2026

LEVINE LABOR LAW

*/s/ Alexander Vialy*
Drew Levine
Alexander Vialy

Attorneys for Plaintiff
AVA GUEITS

Dated: September 10, 2026

LITTLER MENDELSON, P.C.

*/s/ Nolan McCready*
Nolan McCready
Sara Zimmerman

Attorneys for Defendant
ADYEN N.V.

LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, Illinois 60654
312.372.5520

# EXHIBIT A

## ADYEN ARBITRATION AGREEMENT

Adyen N.V. (San Francisco Branch) (the "Company") recognizes that differences may arise between the Company and its employees during and following employment, and in some instances these differences can be resolved informally. However, where informal procedures do not produce a satisfactory result, legally cognizable claims and controversies between the Company and its employees may be submitted to final and binding arbitration as provided in this Arbitration Agreement (the "Agreement"). In arbitration, each side in the dispute presents its case, including evidence, to a neutral third party called an "arbitrator," rather than to a judge or jury. The arbitrator's decision is final and binding which means there will be no trial by a judge or jury. The parties are entitled to be represented by their own legal counsel in the arbitration proceeding.

In consideration for the Company employing Employee, (the Company and Employee referred to collectively herein as the "Parties") as an at-will employee and Employee's acceptance of at-will employment with the Company, and in consideration of the Parties' mutual promise to arbitrate all disputes against each another, the Company and Employee mutually agree to submit to binding arbitration any and all disputes, claims or controversies arising out of or relating to this Agreement or the employment relationship between the Parties, except as to those claims excluded herein. This Agreement includes any claims that the Company may have against Employee, or that Employee may have against the Company, including the Company's officers, directors, employees, agents, parents, subsidiaries, or affiliated entities.

1. Claims Covered: This Agreement includes all disputes and claims which either the Company or Employee had, has or will have against one another, which include, but are not limited to, claims for: wrongful termination; breach of any contract or covenant, express or implied; breach of any duty owed to Employee by Company or to Company by Employee; personal, physical or emotional injuries; fraud, misrepresentation, defamation, and any other tort claims; wages or other compensation due; penalties; benefits; reimbursement of expenses; discrimination or harassment (excluding sexual harassment or sexual assault claims); retaliation; and claims for violation of any federal, state, or other governmental law, common law, constitution, statute, regulation or ordinance, including but not limited to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the Americans with Disabilities Act, the Fair Labor Standards Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, the California Fair Employment and Housing Act, the California Family Rights Act, the California Labor Code, the California Civil Code, and the California Wage Orders.

2. Exclusions: The following matters are excluded from arbitration: (i) claims for workers' compensation benefits, state disability insurance, or unemployment compensation benefits; (ii) claims for sexual harassment or sexual assault; (iii) administrative charges before a governmental agency, such as the California Department of Fair Employment and Housing, the Equal Employment Opportunity Commission, the National Labor Relations Board, or the Department of Labor; (iv) claims based upon an employee pension or other benefit plan, the terms of which contain an arbitration or other non-judicial dispute resolution procedure, in which case the provisions of such plan shall apply; and (v) requests for temporary restraining orders and/or preliminary injunctions where such relief is authorized by law. The filing of a court action for an injunction or other provisional remedy shall not constitute a waiver of this Agreement's provisions.

3. Class Action Waiver: The Parties agree to waive their right to join or consolidate claims with others, or to make claims with others as a plaintiff or class member in any purported class, collective or representative action. Instead, the Parties agree to resolve their disputes under this Agreement only on an individual basis in arbitration. The arbitrator shall not consolidate claims of other persons into one (1) proceeding, nor shall the arbitrator have the power to hear an arbitration as a class action.

> BY SIGNING THIS AGREEMENT, THE PARTIES AGREE THAT EACH MAY BRING AND PURSUE CLAIMS AGAINST THE OTHER ONLY IN THEIR INDIVIDUAL CAPACITIES, AND MAY NOT BRING, PURSUE, OR ACT AS REPRESENTATIVE PLAINTIFF OR CLASS MEMBER, IN ANY PURPORTED CLASS, COLLECTIVE, OR REPRESENTATIVE PROCEEDING.

Any disputes concerning the validity of this multi-plaintiff, class, collective and representative action waiver will be decided by a court of competent jurisdiction, not by the arbitrator. In the event a court

determines that this waiver is unenforceable with respect to any claim or portion of a claim, this waiver shall not apply to that claim or portion of the claim.

4. Terms of Arbitration: This Agreement shall be governed by the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq.* ("FAA"). The aggrieved Party must give written notice of any claim subject to this Agreement to the other Party no later than the expiration of the applicable statute of limitations for such claim. Arbitration shall be conducted before a single neutral arbitrator, to be mutually selected by the Parties. The arbitration shall be conducted in California. Within 30 days of the close of the arbitration hearing, the arbitrator shall issue a written decision with a statement of the findings and reasons for the arbitration award or other decision, and such award or other decision shall be final and binding on the Parties. Each party shall have the right to conduct meaningful discovery. The arbitrator may award any remedy or relief available under applicable law, including any remedy or relief that would be available in a court of law. The arbitrator shall have the authority to provide for an award of attorney's fees and costs if such award is authorized by applicable law.

5. American Arbitration Association Rules: Arbitration shall be conducted pursuant to the Employment Arbitration Rules of the American Arbitration Association ("AAA Rules"), to the extent they are not inconsistent with any provision of this Agreement or the FAA. In the event of any such inconsistency, the provisions of the FAA shall govern. The AAA Rules are attached as Exhibit "A". These rules are also found at the AAA website at www.adr.org/Rules.

6. Fees: The Company shall pay the arbitrator's fees and all expenses that are unique to arbitration. Employee shall not be required to pay any cost or expense of the arbitration that he or she would not be required to pay if the matter had been heard in court. Each Party will pay his/her/its own attorneys' fees, witness and transcript fees, and other litigation expenses associated with the arbitration, provided these expenses would be paid by the party if proceeding in court.

7. Employee's Right to Opt-Out: Employee may opt-out and not be subject to this Agreement. To do so, Employee must submit a signed and dated written statement expressly stating Employee's desire to opt-out of this Agreement. In order to be effective, the signed and dated written statement must be returned to the Human Resources Department within thirty (30) days of the Employee's signature on this Agreement. If Employee timely opts-out as provided in this paragraph, Employee will not be subject to any adverse employment action as a consequence of that decision and may pursue available legal remedies without regard to this Agreement. Should Employee not opt-out of this Agreement within thirty (30) days of the Employee's signature on this Agreement, continuing the Employee's employment constitutes mutual acceptance of the terms of this Agreement by Employee and the Company. Employee has the right to consult with counsel of Employee's choice concerning this Agreement.

8. At-Will Employment: This Agreement is not, and shall not be construed to create, any contract of employment, express or implied, nor shall this Agreement be construed in any way to change the status of the Employee from that of at-will employment.

9. Governing Law: The parties understand and agree that the laws of the State of California govern any claims which may be presented in arbitration and govern the terms and enforceability of this Agreement.

10. Severability: If any provision of this Agreement is found to be void or unenforceable, in whole or in part, the remainder of this Agreement shall not be affected and shall remain valid and in full force and effect to the extent permitted by law.

11. Complete Agreement: This Agreement constitutes the Parties' complete agreement with regard to arbitration. This Agreement supersedes any prior or contemporaneous oral or written agreement or understanding on the subject of arbitration.

If Employee has any questions about this Agreement, Employee may email the Adyen Human Resources Department at nahr@adyen.com. Employee may also wish to consult an attorney regarding

this Agreement. As explained above, Employee shall have up to thirty (30) days after signing this Agreement to provide a written revocation of this Agreement. Written revocation must be received by U.S. Mail, return receipt requested. Your written notice opting out of this Agreement, should include your name, address as well as a statement that you do not wish to resolve disputes with us through arbitration.

**BY SIGNING THIS AGREEMENT, THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY. EMPLOYEE ACKNOWLEDGES AND SPECIFICALLY AUTHORIZES THAT HE/SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS ITS TERMS, AND HAS ENTERED INTO THIS AGREEMENT VOLUNTARILY AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATION.**

DocuSigned by:



92135AF950C24AD...

Employee Signature

Signed by:

DAVI STRAZZA

7D00C607E7C6499...

Adyen N.V. (San Francisco Branch) Witness Signature

Ava Gueits

Employee Printed Name

DAVI STRAZZA

Adyen N.V. (San Francisco Branch) Printed Name

21-Feb-2025

Date

21-Feb-2025

Date

Note to Employee: The original of this signed form will be filed in your personnel file.

## [~~PROPOSED~~] ORDER

Having read and considered the Parties' recitals and stipulation, as set forth above, and good cause appearing wherefore, the Court hereby orders as follows:

1. Plaintiff's individual claims, including the individual component of Plaintiff's PAGA claim, shall be submitted to binding and final arbitration pursuant to the Arbitration Agreement.
2. Plaintiff's non-individual PAGA claim asserted on behalf of other allegedly aggrieved employees shall remain before this Court and shall be stayed pending final resolution of the arbitration.
3. All proceedings in this action are stayed pending final resolution of the arbitration, subject to further order of the Court.

**IT IS SO ORDERED.**

Date: 9/11/2026



Hon. Peter H. Kang
United States Magistrate Judge

LITTLER MENDELSON, P.C.
321 North Clark Street
Suite 1100
Chicago, Illinois 60654
312.372.5520